IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CALDERAIO<br>c/o WEIR GREENBLATT PIERCE<br>1339 Chestnut Street, Suite 500<br>Philadelphia, PA 19107<br><br>Plaintiff<br><br>    v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT<br>20 Weldon Drive, Doylestown, PA 18901<br><br>Defendant | :<br>:  No. 2:23-cv-4218<br>:<br>:<br>:  JURY TRIAL DEMANDED<br>:<br>: |

# ANSWER AND AFFIRMATIVE DEFENSES OF
# DEFENDANTS TO THE PLAINTIFF'S COMPLAINT

## COMPLAINT

1. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

## PARTIES

2. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

3. Admitted. To the extent this paragraph sets forth legal conclusions, no response is required.

## JURISDICTION & VENUE

4. This paragraph does not set forth any factual allegations. As such no response is required. To the extent this paragraph sets forth factual allegations, same are denied. To the extent this paragraph sets forth legal conclusions, no response is required.

5. This paragraph does not set forth any factual allegations. As such no response is required. To the extent this paragraph sets forth factual allegations, same are denied. To the extent this paragraph sets forth legal conclusions, no response is required.

6. This paragraph sets forth legal conclusions, to which no response is required. To the extent this paragraph sets forth legal conclusions, no response is required.

## FACTUAL BACKGROUND

7. Denied as stated. It is admitted that Joseph Ohrt was hired in 1987 as a long-term substitute music teacher in the Kutz/Linden Elementary Schools.

8. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs. To the extent this paragraph sets forth conclusions of law, no response is required.

9. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

10. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

11. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

12. Denied.

13. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

14. Denied.

15. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

16. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

17. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

18. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

19. Denied.

20. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

21. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

22. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

23. It is admitted upon information and belief that Bridgett Szychulski was arrested in September 2014.  With regards to the remaining allegations, answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

24. Upon information and belief, it is admitted that Bridgett Szychulski received an assignment to teach at CB South High School prior to the fall of 2014.  As to the remaining allegations, Plaintiff is left to his proofs.

25. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

26. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

27. Denied.

28. It is admitted that Plaintiff started at CB West in 10th grade. As to the remaining allegations, Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

29. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

30. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs. To the extent this paragraph sets forth legal conclusions, no response is required.

31. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

32. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

33. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

34. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

35. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

36. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

37. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

38. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

39. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

40. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

41. Denied.

42. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

43. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

44. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

45. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

46. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

47. This paragraph sets forth a legal conclusion, to which no response is required.

48. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

49. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

50. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.  To the extent this paragraph sets forth a legal conclusion, no response is required.

51. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

52. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

53. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

54. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

55. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

56. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

57. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

58. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

59. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

60. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

61. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

62. Denied.

63. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

64. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs. To the extent this paragraph sets forth legal conclusions, no response is required.

65. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

66. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

67. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

68. Answering Defendant is with insufficient information to admit or deny and Plaintiff is left to his proofs.

69. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

70. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

71. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

## COUNT 1

## PLAINTIFF v. CENTRAL BUCKS SCHOOL DISTRICT CIVIL RIGHTS VIOLATION UNDER 42 U.S.C. § 1983

72. Responding Defendant incorporates herein by reference their answers to the preceding paragraphs as if more fully set forth herein at length.

73. Denied.

74. Denied.

    a. Denied.

    b. Denied.

    c. Denied.

    d. Denied.

    e. Denied.

    f. Denied.

    g. Denied.

    h. Denied.

    i. Denied.

    j. Denied.

75. Denied.

76. This paragraph sets forth legal conclusions, to which no response is required.  To the extent this paragraph sets forth factual allegations, same are denied.

77. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

78. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

79. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

80. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

## COUNT II

### PLAINTIFF v. CENTRAL BUCKS SCHOOL DISTRICT VIOLATION OF TITLE IX, 20 U.S.C. § 1681

81. Responding Defendant incorporates herein by reference their answers to the preceding paragraphs as if more fully set forth herein at length.

82. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

83. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

84. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

   a. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

   b. This paragraph sets forth legal conclusions, to which no response is required. To the extent this paragraph sets forth factual allegations, same are denied.

   c. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

   d. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

85. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

86. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

87. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

88. Denied.

89. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

## COUNT III

## PLAINTIFF v. CENTRAL BUCKS SCHOOL DISTRICT
## SUPPLEMENTAL STATE LAW TORTS NEGLIGENT RETENTION, TRANSFER AND/OR SUPERVISION

90. Responding Defendant incorporates herein by reference their answers to the preceding paragraphs as if more fully set forth herein at length.

91. Denied.  To the extent this paragraph sets forth legal conclusions, no response is required.

   a. Denied.  To the extent this paragraph sets forth legal conclusions, no response is required.

   b. Denied.  To the extent this paragraph sets forth legal conclusions, no response is required.

   c. Denied.

   d. Denied.

   e. Denied.

   f. Denied.

   g. Denied.

   h. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

   i. Denied.

   j. Denied.

   k. Denied.

   l. Denied.

   m. Denied.

   n. Denied.

      o.  Denied.

      p.  Denied.

      q.  Denied.

      r.  Denied.

92. Denied. To the extent this paragraph sets forth legal conclusions, no response is required.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief can be granted.

2. To the extent it is determined Plaintiff failed to exhaust all administrative remedies before bringing this case before this Court, Defendant claims same.

3. To the extent it is determined Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations, Defendant claims same.

4. To the extent it it determined the Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver and/or estoppel.

5. Plaintiff was never deprived of access to educational opportunities or benefits by any act or omission of the District.

6. Plaintiff's Complaint is barred by the applicable statute of limitations.

7. To the extent that Plaintiff suffered any injuries or damages, such alleged injuries and damages were the result of the acts or omissions of others and/or preexisting conditions and not the result of the acts or omissions of the District.

8. Plaintiff's alleged injuries or damages were not the result of any policy, practice or custom of the District.

9. To the extent Plaintiff failed to mitigate her alleged damages defendant claims same.

10. Plaintiff has suffered no compensable damages for which the District could be liable.

11. The District did not establish or approve of any policy, practice or custom of deliberate indifference to or concealment of alleged sexual harassment or abuse of students.

12. The District did not violate Title IX.

13. The District did not violate any of Plaintiff's constitutional rights.

14. The District had appropriate policies in place regarding complaint procedures and processes for the resolution of harassment and discrimination complaints.

15. The District is not and has never been deliberately indifferent to complaints or allegations of sexual harassment.

16. The District acted in accordance with its policies and applicable law in addressing any report or concerns raised by Plaintiff, or anyone acting on her behalf, during her attendance in the District and the District investigated any and all reports or concerns raised by Plaintiff, or anyone acting on her behalf, to the District and took action reasonably calculated to end any alleged improper conduct or conduct which it concluded was not appropriate or otherwise violated its policies.

17. The alleged conduct prior to the allegation was not so severe, pervasive, and objectively offensive so as to deny Plaintiff equal access to an education.

18. At no time was the District deliberately indifferent to any instances of alleged sexual harassment of Plaintiff.

19. At no time was any alleged action or inaction by the School District the *cause* of any of Plaintiff's alleged injuries or damages.

20. Plaintiff's claims are barred and/or otherwise limited by virtue of immunity afforded to Defendants.

21. Actions of the responding defendants were objectively reasonable in light of the facts and circumstances known at the time.

22. To the extent the intentional criminal acts of a third party act as an intervening or superseding cause of Plaintiff's alleged injuries and damages, Defendants claim same.

23. Plaintiff's complaint fails to state a cause of action for punitive damages as to the District.

WHEREFORE, Defendant Central Bucks School District demands judgment in their favor and against Plaintiff and such other relief that the Court deems appropriate.

**MARSHALL DENNEHEY, P.C.**

Joseph J. Santarone, Jr., Esquire
Attorney for Defendant,
Central Bucks School District
PA Attorney ID#: 45723
2000 Market Street, Suite 2300
Philadelphia, PA 19103
P: (215) 575-2626 F: (215) 575-0856
jjsantarone@mdwcg.com

Date:  January 5, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CALDERAIO<br>c/o WEIR GREENBLATT PIERCE<br>1339 Chestnut Street, Suite 500<br>Philadelphia, PA 19107<br><br>Plaintiff<br><br>    v.<br><br>CENTRAL BUCKS SCHOOL DISTRICT<br>20 Weldon Drive, Doylestown, PA 18901<br><br>Defendant | :<br>: No. 2:23-cv-4218<br>:<br>:<br>: JURY TRIAL DEMANDED<br>:<br>: |

**CERTIFICATE OF SERVICE**

    I, Joseph J. Santarone, Jr., Esquire hereby certify that a true and correct copy of the foregoing Answer and Affirmative Defenses of Defendant to the Plaintiff's Complaint, was electronically filed with the Court this date and is available for viewing and downloading from the ECF System.

                                                           **MARSHALL DENNEHEY, P.C.**

                                                           Joseph J. Santarone, Jr., Esquire
                                                           Attorney for Defendant,
                                                           Central Bucks School District
                                                           PA Attorney ID#: 45723
                                                           2000 Market Street, Suite 2300
                                                           Philadelphia, PA 19103
                                                           P: (215) 575-2626 F: (215) 575-0856
                                                           jjsantarone@mdwcg.com

Date: <u>January 5, 2024</u>