

2000 Market Street, Suite 2300, Philadelphia, PA 19103
(215) 575-2600  Fax (215) 575-0856

Direct Dial:  (856) 414-6400
Email:  altoth@mdwcg.com

April 18, 2025

<u>**VIA ELECTRONIC FILING AND EMAIL**</u>

The Honorable Mitchell S. Goldberg, Chief Judge
United States District Court
Eastern District of Pennsylvania
601 Market Street, Room 17614
Philadelphia, PA  19106-1797

    RE:  Calderaio, John v. Central Bucks School District
           Docket No.:  USDC Eastern District No.: 2:23-cv-4218
           Our File No.:  19024.00950

Dear  Chief Judge Goldberg:

      My office represents the interests of Defendant, Central Bucks School District, in the above referenced matter.  Please accept this letter in lieu of a more formal opposition to Plaintiff's April 11, 2025 letter requesting a discovery extension.

      By way of background, Plaintiff filed the instant litigation on October 31, 2023 (535 days ago).  The litigation arises out of the Plaintiff's enrollment at the Central Bucks School District.  Plaintiff's Complaint alleges claims under both § 1983 and Title IX.  Defendant filed an Answer to the complaint on January 5, 2024 [ECF Doc. 6].

      On March 22, 2024 the Court's Initial Scheduling Order was filed. [ECF Doc. 12].  Since that date approximately 7,000 pages of discovery have been exchanged between the parties.  On June 25, 2024 this Court entered a Revised Scheduling Order extending discovery until November 29, 2024, upon consent of all parties. [ECF Doc. 17].  Following the Court's Conference, Defense counsel began requesting deposition dates on August 27, 2024. (See Exhibit "A").  Again, on October 2, 2024 Defense counsel continued to request deposition dates of witnesses and provided proposed dates for depositions that would comply with the Court's most recent Revised Scheduling Order. (See Exhibit "B").  On October 4, 2024 Plaintiff responded to defense counsel's request for depositions and opposed Defendant's request for any more than ten (10) depositions. (See Exhibit "C"). Again, on October 29, 2024 defense counsel requested dates for depositions. (See Exhibit "D").

      Despite defense counsel's attempt to coordinate and schedule the depositions in this matter, it became apparent that a discovery extension was required and Defendant consented to said extension.  On November 26, 2024 this Court granted the parties' second letter request for discovery extension, extending discovery until

March 28, 2024. [ECF Doc. 21]. The Court's Final Revised Scheduling Order clearly stated that "[t]he parties are advised that no further requests for extension of the aforesaid deadlines shall be entertained by the Court." [ECF Doc. 21].

  Immediately after the Court's entry of the Revised Scheduling Order, defense counsel again provided availability for deposition dates in January and February to Plaintiff. (See Exhibit "E"). Thereafter, Plaintiff noticed the depositions of twelve (12) witnesses. The list of depositions included retired Principals, Superintendent, Title IX Coordinator, Director of Human Resources, etc. Pursuant to Fed.R.Civ.P. 30(a)(2)(A)(i) the number of depositions should be limited to ten (10) per side. Despite the Rule and the fact that Mr. Yatvin previously objected to defense counsel's request for more than ten (10) witnesses (See Exhibit "C"), Defendant accommodated Plaintiff's twelve (12) deposition requests. A majority of these individuals requested had been retired from the District for many years; nonetheless, defense counsel coordinated and produced the witnesses. In addition to Plaintiff's twelve (12) depositions that were noticed, Defendant also sought and conducted six (6) depositions.

  Although Defendant accommodated Plaintiff's request for twelve (12) depositions, Plaintiff still requested additional depositions, including a 30(b)(6) representative. Defense counsel repeatedly requested the topic designations for the 30(b)(6) representative from Plaintiff in order to best determine the appropriate witness for the designation. Counsel requested the 30(b)(6) designations on numerous occasions, even as late as the March 5, 2025 "meet and confer" with Plaintiff. Despite the requests, Plaintiff did not provide the requested 30(b)(6) designations until 3/28/25, a mere 4 days before the discovery deadline. Additionally, a review of the designations makes clear that one witness could not testify on all topics, thus necessitating the need for multiple additional witness depositions. Therefore, defense counsel objected to producing any additional witnesses. (See Exhibit "F").

  The discovery deadline in this matter has now expired and Defendant objects to the extension of further discovery time. Defendant has produced voluminous discovery and accommodated Plaintiff's request for twelve (12) witness depositions, which are clearly in excess of Court Rules. See Fed.R.Civ.P. 30(a)(2)(A)(i). As such, Defendant respectfully requests that this Court deny Plaintiff's request to extend discovery an additional forty-five (45) days.

          Very truly yours,

          */s/ Ashley L. Toth*
          Ashley L. Toth

cc: counsel of record (*via e-filing*)