LAW OFFICES
# WEIR LLP

A Pennsylvania Limited Liability Partnership

**The Widener Building, Fifth Floor**
**1339 Chestnut Street, Philadelphia, Pennsylvania 19107**
**WEIRLAWLLP.COM**

Alan L. Yatvin, Esquire
ayatvin@weirlawllp.com
(215) 665-8181

April 21, 2025

**VIA ELECTRONIC FILING AND EMAIL**
The Honorable Mitchell S. Goldberg, Chief Judge
United States District Court
Eastern District of Pennsylvania
Room 17614
601 Market Street
Philadelphia, Pennsylvania 19106-1797
By Email to:  Goldberg_chambers@paed.uscourts.gov

   **RE:** *Calderaio v. Central Bucks School District*
      E.D.Pa. Civil Action 2:23-cv-04218-MG

Dear Chief Judge Goldberg:

  No good deed goes unpunished, as the saying goes.  Reading the District's response to Plaintiff's April 11, 2025, letter request[1] for an extension in order to make disclosure for an expert in educational administration and supervision, makes it seem that counsel for Plaintiff has been unreasonable and dilatory.  The precise opposite is the case.

  From day one the District has slow-walked or disregarded its obligations in ways too numerous to mention.  However, a few of the highlights:

- The summons and complaint were served on the District on November 15, 2023.  Defense counsel filed his appearance November 29, 2023.  The District' answer was due on December 5, 2023.  When no response was filed, I reached out to Mr. Santarone on November 14, 2023, to point out that the response was overdue and to ask for status.  Mr. Santarone responded that he thought the Complaint had been served by mailed Notice and Waiver and that he had more time.  An answer was filed three weeks later.
- Despite an agreed date of February 14, 2024, for Rule 26(a) self-executing disclosure (see Joint Rule 26(f) Report), Defendant did not provide disclosure until

---

[1] Although the prior scheduling request was filed by ECF, the instant letter request was not filed via ECF, in the belief that Plaintiff was complying with the Court's Policies and Procedures, which provide at section 1.:  "Written communication is permitted by email or regular mail regarding scheduling and other non-substantive matters.  Before communicating with the Court on scheduling, counsel should ascertain the position of opposing counsel and include that position in the correspondence.  All substantive issues must be addressed by an appropriate motion or other filing."

The Honorable Mitchell S. Goldberg, Chief Judge
April 21, 2025
Page 2

- two weeks after the agreed date. Despite requests for updated disclosure, Defendant did not provide an amended (albeit still incomplete) Rule 26(a) disclosure until January 16, 2025.
- Interrogatories and Requests for Production were served on Defense counsel on March 1, 2024.  Responses to Interrogatories were served more than two months later.  Although documents were served by Defendant in June and September, the actual written responses to Plaintiff's Requests for Production were not served until mid-December 2024, despite repeated requests.
- Plaintiff served a Second Set of Requests for Production on February 7, 2025, well withing the discovery period.  Despite follow-up requests, nearly two and one half months later, no responses have been forthcoming.
- From shortly after the Court's November 26, 2024, revised scheduling order, I have been seeking to schedule depositions.  Virtually every offer of dates, requests for dates and attempts to discuss scheduling was met with a week or two of silence, before a response was forthcoming.

Would that Defendant were as diligent in responding and meeting its own obligations and commitments, as it was in making demands on Plaintiff.  I am resigned to the fact that the remaining two witness depositions (which Plaintiff could not schedule unilaterally, as Defendant did not provide required contact information in either initial or amended Rule 26(a) disclosure) and the Rule 30(b)(6) deposition are not going to happen.  Examples of how attempting to be cooperative and collaborative can be exploited.

As to specific criticisms in Defendant's Response:

- I did not object to the October 2, 2024, request for eighteen (18) depositions by Defendant, I just pointed out that we needed to discuss.  See ECF Doc 28-3.  Moreover, on October 15, 2024, I followed up with Defense counsel, writing, regarding co-counsel: "I am not ducking you on your deps queries, but Noah is just back from paternity leave and Andy Shubin is on vacation in Spain, so I am trying to figure out logistics.  I should be back to you by the end of the week."
- The parties agreed that they would exceed ten (10) depositions, each, and in fact the Court was so advised and commented on it during the conference call on November 26, 2024.
- Defendant's Exhibit D (ECF Doc. 28-4) was truncated to exclude the multiple complained of defense discovery deficiencies to which Plaintiff had been seeking an update.
- Plaintiff started asking for dates for a Rule 30(b)(6) deposition on March 5, 2025, and repeatedly thereafter.  When Defense counsel asked Plaintiff's Rule 30(b)(6) deposition matters on March 24, 2025, it was provided the same day.  No date was forthcoming from Defense Counsel and now, despite Defense Counsel stating on March 24, 2025, that she was working on scheduling, Defendant has decided it will not proceed with the deposition.
- Defendant's characterization of Plaintiff's request as seeking extension of discovery deadlines is inaccurate.  Plaintiff is not asking for a wholesale extension

The Honorable Mitchell S. Goldberg, Chief Judge
April 21, 2025
Page 3

of discovery, we are simply seeking an extension of the deadline for an expert report, for the reasons set forth in the April 11, 2025, request letter.

While I could have been less accommodating, unilaterally sought depositions, and sought Court intervention over Defense discovery delays and insufficiency, I chose to try to be collaborative. The result has been delays on both sides and, now, Defendant unilaterally cutting off discovery to which it had agreed. I also note that some discovery nonetheless remains ongoing, as the continuation of Joseph Ohrt's deposition (included Defense examination) scheduled for April 11, 2025, could not be held because he had been transferred to a different institution, and as arrangements were being made to hold the deposition from that institution, he was again transferred. The deposition is now tentatively scheduled for April 23, 2025, although the institution has advised that it may not proceed if immigration hearings are scheduled for that date. In addition to the matter discussed in the April 11, 2025, letter requests, Ohrt's completed deposition will also be needed for the report of the expert in educational administration and supervision to with this extension request is addressed.

Thank you for your consideration.

Respectfully,

**WEIR LLP**

Alan L. Yatvin, Esquire
*Attorney for Plaintiff*

cc:   All Counsel of Record (via email and ECF)