# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN CALDERAIO | : |
| | : Civil Action No.: 2:23-cv-04218 |
| v. | : |
| | : |
| CENTRAL BUCKS SCHOOL DISTRICT | : JURY TRIAL DEMANDED |
| | : |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

Plaintiff, John Calderaio, by and through his undersigned counsel, hereby objects and responds to Defendants' First Set of Interrogatories as follows:

### GENERAL OBJECTIONS

The following general objections apply to all interrogatories and are incorporated into each of Plaintiff's responses thereto:

1. Plaintiff objects to the interrogatories, definitions and instructions to the extent they exceed the permissible scope of discovery under the Federal Rules of Civil Procedure.

2. Plaintiff objects to the interrogatories to the extent that they require the disclosure of confidential, proprietary, and/or other financial information of Plaintiff.

3. Plaintiff objects to the interrogatories to the extent that they call for information covered by the attorney-client privilege and work product doctrine, including but not limited to communications with, or mental impressions of, counsel or counsel's conclusions, opinions, memoranda, notes or summaries, legal research or legal theories.

4. Plaintiff objects to the interrogatories to the extent that they require Plaintiff to

1

respond on behalf of any other party.

5. Plaintiff objects to the interrogatories to the extent that they require Plaintiff to provide information which is already in the possession of Defendants.

6. Plaintiff's general objections shall be deemed applicable as to each interrogatory without the need to specifically reference or incorporate them into a specific response and are not waived, nor in any way limited, by the following responses.

## ANSWERS AND OBJECTIONS TO SPECIFIC INTERROGATORIES

1. For Plaintiff John Calderaio, state your full name, social security number, present address and date of birth.

**RESPONSE:**

John Anthony Walter Calderaio, [redacted]
[redacted], 12/19/97

2. State the full names, addresses/residences, employers and date of birth of Plaintiff's parents.

**RESPONSE:**

Terry Susan Calderaio, unsure of address, unsure of employer, 5/31/1967

Anthony Joseph Calderaio, 5324 Hutchinson Way, West Lake, FL 33470, self-employed, 10/5/1960

3. Identify the names of all individuals with whom you reside and your relationship to each.

**RESPONSE:**

Plaintiff resides with his brother, Anthony Calderaio and his brother's girlfriend Megan Stachnick.

4. List the names and addresses of all persons who have knowledge of the facts, events, or circumstances surrounding the incidents or damages complained of in the Complaint.

**RESPONSE:**

See Plaintiff's Rule 26 disclosure.

5. Identify all witnesses (including expert witnesses) you intend to call at trial, including a brief description of the subjects on which they will testify.

**RESPONSE:**

Objection on the basis of attorney-client privilege and the work-product doctrine. By way of further response, Plaintiff will comply with the Court's scheduling orders regarding identifying witnesses for trial.

6. Describe with particularity and in detail each incident in which you allege that Plaintiff was exposed to assault, sexual assault, discrimination and/or harassment while enrolled in the District as alleged in your Complaint. With regard to your answer to this interrogatory, state:

   (a) the dates and location on which such incidents took place;
   (b) the names and addresses of any witnesses to such incidents;
   (c) Whether such incident was reported to a representative of the Board of Education and, if so, the name, address and job title of the individual to whom each incident was reported, along with the date on which the incident was reported;
   (d) The nature and extent of any injuries which you sustained as a result of any of the incidents alleged in your Complaint, together with all documentation evidencing treatment for each injuries.

**RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not narrowly tailored to elicit discoverable information about the claims or defenses in this action. Specifically, it would be extremely burdensome for Plaintiff to compose narratives of each and every instance of harassment or abuse. Notwithstanding these objections,

a. These events occurred frequently, and almost daily in the dressing room of the choir hallway, in the choir room and in the office of the choir hall during the junior year of the winter of 2014 and 2015 through to the end of the 2015 school year (Mid-June), and throughout his senior 2015-2016 school year.
b. None that Plaintiff is aware of.
c. No.
d. Dr. Ohrt's sexual assaults caused Plaintiff physical and catastrophic psychological and emotional harm, and wage loss, subjects that are better explored in a deposition. Plaintiff will produce medical and mental health records responsive to the Defendant's document discovery requests. With respect to wage loss, Ohrt's abuse resulted in permanent psychological damage that

3

affected the plaintiff's ability to obtain and maintain full-time gainful employment, as well as his past, present and future earning potential. Further wage loss information will be provided in accordance with the Court's expert witness discovery schedule.

       7.       Identify all prescribed medications taken by Plaintiff during the last ten (10) year period.

**RESPONSE:**

- Hydroxizine 25mg – 7/2022
- restart Adderall 10mg – 7/2022
- Ambien – unsure of dosage, mid 2021 for about a month,
- Xanax - .25 mg as needed, during same time period as Ambien
- Z Pak 250 mg (antibiotic) – 7/2016
- Albuterol inhaler – 7/2016
- Acyclovir capsule 200mg (herpes) – 7/2016
- Z pak -1/2015
- Z pak – 11/2013
- Augmentin – 11/2013
- Cough syrup – 11/2013
- Z pak – 9/2013
- Prednisone, Azithromycin, Tylenol, Albuterol – 12/2012
- Medrol – 9/2012
- Spectazole - 9/2012
- Griseofulvin microsize 250mg & Benadryl – 9/2012
- Bactrim – 7/2012
- Concerta 18mg – 3/2012
- Adderall XR 20mg – 8/2011
- Clindamycin & Zyrtec – 7/2011
- Refill Concerta 36 mg – 5/2011
- New dose: Concerta 36 mg – 3/2011
- Lomtrimin bid – 2/2011
- Concerta - "restart Concerta to refocus" – 2/2011
- New dose: Concerta 18mg (from 27mg) – 1/2011
- Stay on "z max," albuterol inhaler, Claritin plain, Robitussin PE – 1/2011
- Refill Concerta 18mg – 12/2010
- Azithromycin, Tussi – 12/2010
- Prednisone, Z pak – 12/2010
- Concerta 27mg – 11/2010
- Emmetrol, Zofran – 10/2010
- Refill Concerta 27mg – 10/2010
- Medrol dose pack, Benadryl – 8/2010
- Concerta 27mg – 8/2010
- Astelins spray, Z pak – 5/2010

4

- Tamiflu, Albuterol – 10/2009
- Concerta 18mg – 6/2009
- Concerta 27mg – 2/2005

8.  As to Plaintiff's allegation that Anthony Calderaio met with high school administration to report his concern that Ohrt's relationship with his son was inappropriate and concerning, state:
    a. The date of Anthony Calderaio's meeting;
    b. The individuals present for the meeting;
    c. Whether the request for the meeting was sent in writing;
    d. A detailed and chronological description of everything said by Anthony Calderaio and the responses received;
    e. Whether Anthony Calderaio recorded the meeting in any matter;
    f. Identify and attach hereto any documents which refer or relate to same.

**RESPONSE:**

A. In the winter/spring of 2016

B. Jason Bucher, Anthony Calderaio

C. Objection on the basis that Defendant is in possession of this requested information. Notwithstanding said objection, Plaintiff does not know at this point whether the meeting request was written.

D. Anthony had presented to then-principal of CB-West, Jason Bucher, to voice his concerns about John and his relationship with Dr. Ohrt. He had stated that John was spending increasing and concerning levels of time with him at school, and that he had been acting out of character at home. He stated that John was increasingly distancing himself from his family and believed that this was related to his his inappropriate relationship with Dr. Ohrt. Anthony believed that the District did not appropriately respond to his concerns, and he is aware of no action taken by the District in response. Mr. Anthony Calderaio knew Jason Bucher prior to his position at CB West, because he was the Middle School principal when John attended Holicong Middle School.

E. No.

F. Objection on the basis that Defendant is in possession of this requested information. Notwithstanding said objection, Plaintiff is not in possession of any responsive documents.

9.  As to Plaintiff's allegation in paragraph 42 of the Complaint that "Ohrt repeatedly gave him rides from the school in his car," state:
    a. Whether Plaintiff's parents were aware that Ohrt was providing Calderaio rides from school in his personal vehicle;

No.

5

    b. Whether any other individual was present in Ohrt's vehicle while driving Plaintiff Calderaio home;

No.

    c. Whether Calderaio or Calderaio's parents ever reported to the District that Ohrt was providing him a ride home in his personal vehicle.

No.

    10. As to Plaintiff's allegations in paragraphs 47-50 that Ohrt sexually abused Calderaio, state:
        a. The date and location of each incident;

See response to interrogatory #6.

    b. Whether any witnesses were present;

In April 2016, a choir member's mother walked into an administrative room of the New York Avenue Presbyterian Church in Washington DC, the choir was using as a dressing room, while Dr. Ohrt was sexually assaulting Plaintiff, after the choir's performance.

    c. Whether Plaintiff reported any of the incidents to school administrators and if so, to whom and when;

None.

    d. Whether Plaintiff reported any of the incidents to anyone and if so, to whom and when;

Plaintiff objects on the basis of attorney-client privilege. Notwithstanding said objection, in May 2019 Plaintiff told Peyton Grow

th about these incidents and as shown in response to interrogatory 10(e) along with what occurred in Kansas City, MO. Additionally, on or about February 2021, Plaintiff then disclosed these incidents to Peyton's grandmother, Peg LNU. Plaintiff also disclosed these incidents to his mother, father and other relatives on or about February 2022 when Dr. Ohrt was arrested. Plaintiff also disclosed Ohrt's misconduct to law enforcement and those working with law enforcement in conjunction with their criminal prosecution.

    e. Identify and attach hereto any and all documents which refer or relate to same.

The Defendant should have documents showing a trip the choir went on in April 2016 to Virginia where Dr. Ohrt sexually assaulted Plaintiff.

11.  As to Plaintiff's allegation in paragraph 60 that Ohrt's sexual misconduct was interrupted by someone entering the room, state:
   a. The date and location of this incident;
   b. The identity of the individual that entered the room;
   c. Whether Plaintiff ever reported the incident to anyone, and if so, to whom and when;
   d. Identify and attach hereto any and all documents which refer or relate to same.

In April 2016, upon information and belief, Sunday, April 17, 2016, a choir member's mother walked into an administrative room of the New York Avenue Presbyterian Church in Washington DC, the choir was using as a dressing room, while Dr. Ohrt was sexually assaulting Plaintiff, after the choir's performance. The Defendant should have documents showing a trip the choir went on in April 2016 to Virginia during which Dr. Ohrt sexually assaulted Plaintiff. See also, article produced showing Central Bucks Choir performed the weekend following Friday April 15, 2016.

12.  As to Plaintiff's allegation in paragraph 61 of the Complaint that "[i]n April 2016, an anonymous Childline Report was made against Ohrt for abusing students," state:
   a. Whether Plaintiff is aware of the identity of the individual that made the report;

Plaintiff is not aware of the identify of the individual who made the report.

   b. Whether Plaintiff made the report;

No.

   c. Whether Plaintiff told someone to make a report.

No.

   d. How Plaintiff is aware that a report was made.

Plaintiff became aware when he was contacted by police.

13.  As to Plaintiff's allegation in paragraph 65 of the Complaint that "a second Childline Report was levied against Ohrt in 2021, disclosing Ohrt's inappropriate relationship with John," state:
   a. Whether Plaintiff is aware of the identity of the individual that made the report;

Vince Margiotti.

   b. Whether Plaintiff made the report;

7

No.

      c. Whether Plaintiff told someone to make a report.

No.

      d. How Plaintiff is aware that a report was made.

Plaintiff became aware when he was contacted by police.

    14. As to Plaintiff's allegation in paragraph in paragraph 46 of the Complaint that Ohrt would take retaliatory actions designed to punish John when attempted to resist Ohrt's attempts to isolate him for sexual access, state:
      a. A detailed description of each incident that Plaintiff alleges was retaliatory conduct, including the date of the incident;
      b. Whether anyone else was present;
      c. Whether Plaintiff reported the alleged retaliation to anyone at the District,
      d. Whether Plaintiff reported the alleged retaliation to anyone and if so, to whom and when;
      e. Identify and attach hereto any and all documents which refer or relate to same.

a.     During Sophomore year of 2014, Plaintiff decided not to go on the school choir trip, which resulted in Dr. Ohrt shunning him for around a month, ignoring him, not answering questions, and embarrassing him in front of other students, while being cold and indifferent toward him. There were also incidents in his junior and senior years, when Dr. Ohrt would withdraw "Privileges" such as providing food, withdrawing the ability to use the dressing room piano, withdrawing the access to choir workshops, withdrawing access to resources such as: school music software, computers and other technology, and directly and indirectly denying access to other musical opportunities such as working with other prominent musicians, and threatening the denial of other opportunities which would lead to employment opportunities at CB West High School.

b.     Members of the choir were present during the school year to witness general retaliatory actions such as indifference, and classroom embarrassment.

c.     No.

d.     Plaintiff told Peyton Groth in or around 2021.

e.     None.

    15. As to Plaintiff's allegations in paragraph 53 of the Complaint, that John's peers made fun of him by saying he and Ohrt were a "couple" and that John was gay, state:
      a. The identity of the individuals that made such comments;

8

Aiden Geary, Devon Matthews, John Furlong, Michael Driver, Ramsey Sayres, and others.

    b. Whether Plaintiff reported the comments to anyone at the District;

No.

    c. Whether Plaintiff reported the comments to his parents or anyone and if so, to whom and when.

Peyton Groth in 2015.

    d. Identify and attach hereto any and all documents which refer or relate to same.

Plaintiff is unaware of any such documents.

    16. As to Plaintiff's allegations in paragraph 63 of the Complaint that Ohrt maintained photographs of undressed young men in a barn studio at his home, state:

    a. Whether Plaintiff ever personally viewed the pictures at the location;

Yes.

    b. Whether Plaintiff ever reported to anyone the pictures found at Ohrt's barn studio and if so, to whom and when;

No, but Plaintiff was present at Dr. Ohrt's barn studio with the following individuals: Peyton Groth, Oleg Chuzhinin, Eugene Chuzhinin, Katie McCaffery, Joey Recupero, and Phoenix Fritch, who witnessed the photographs.

    c. Identify and attach hereto any and all documents which refer or relate to same.

None.

    17. State the identity of the following individuals, including their last known address, as referenced in the Complaint:
    a. Roe (as referenced in paragraph 15)

Nicholas Yandolino

    b. Peter Poe (as referenced in paragraph 16)

9

Zachary Eggleston

       c. K.G. (as referenced in paragraph 21)

Katie Gaebel

       d. J.R. (as referenced in paragraph 63)

Joey Recupero

       e. J.M. (as referenced in paragraph 64)

Jackson Manning

    18. State whether Plaintiff Calderaio was aware of any allegations concerning Roe or Peter Poe during the time of his enrollment in the District. If so state,
       a. When Plaintiff became of aware of allegations concerning an inappropriate relationship between Ohrt and Roe and/or Poe;

No.

       b. How Plaintiff became aware of the alleged actions/relationship;

No.

       c. Whether Plaintiff reported any of the allegations to the District;

No.

       d. Whether Plaintiff confronted Ohrt about the allegations;

No.

       e. Whether Plaintiff reported any of the allegations to anyone and if so, to whom and when.

No.

       f. Identify and attach hereto any and all documents which refer or relate to same.

None.

    19. State why Plaintiff and/or Plaintiff's parents did not immediately report any of the alleged inappropriate conduct with Ohrt to District administrators.

10

**RESPONSE:**

Objection. Plaintiff's father reported his concerns, see paragraphs 39-41 of Plaintiff's Complaint and the response to Interrogatory 8. Plaintiff is not aware of his mother's reason for not reporting Dr. Ohrt's inappropriate conduct.

20. State the names and addresses of all persons who have knowledge of any facts relating to the case. In addition, identify what specific information each individual possesses as it relates to this litigation.

**RESPONSE:**

See Plaintiff's Rule 26 disclosure.

21. Identify the names and addresses of Plaintiff's family doctor, as well as all doctors, hospitals, clinics, medical providers, therapists, psychologists, psychiatrists or religious counselors with whom he has treated with in the last ten years.

**RESPONSE:**

In Pennsylvania: Dr. William Moore (pediatrician), Katie Dubiel (PA) at Doylestown Health Internal Medicine, Dr. Wei Shenat Doylestown Health Internal Medicine, Dr. David Myers at Doylestown Health Internal Medicine.

In Florida: Dr. Anna Abel at LA Medical Associates.

Need to provide their contact information or refer to doc prod that does

22. State whether Plaintiff attended College following his enrollment with Central Bucks School District. If so, identify the name of the College and provide a copy of Plaintiff's transcripts.

**RESPONSE:**

Plaintiff attended Bucks County Community College, Temple University (Philadelphia), Thomas Jefferson University (East Falls Campus).

23. Does Plaintiff possess, use or have access to any social media accounts, including but not limited to, Facebook, Instagram, Twitter and SnapChat, etc.? If the answer is yes, provide the username and password for each account. If your answer is no, provide the date when Plaintiff last used such social media services.

**RESPONSE:**

11

Plaintiff uses Instagram and SnapChat. Plaintiff objects to providing his username and password. Plaintiff will produce any and all relevant documents.

24. Provide an itemized account of all losses (economic and non-economic), expenses, or other costs (e.g., hospital and doctor bills, psychological services, home health care costs, etc.), which you allege were incurred by you as a result of the alleged incidents in the Complaint.

**RESPONSE:**

Plaintiff objects to this Interrogatory as overly broad, unduly burdensome, and not narrowly tailored to elicit discoverable information about the claims or defenses in this action. Plaintiff further objects to this Interrogatory as premature, as discovery is needed to detail Plaintiff's economic damages. Notwithstanding this objection, please see response to Interrogatory 6(d). By way of further answer, Plaintiff withdrew from Temple University as a result of Dr. Ohrt sexually assaulting him in Kansas City, MO resulting in him owing approximately $9,000.

September 6, 2024

/s/ Andrew J. Shubin
Andrew J. Shubin, Esquire
Pa. Attorney ID No. 63263
333 South Allen Street
State College, PA 16801
(814) 867-3115
(814) 867-8811 fax
shubin@shubinlaw.com
*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Andrew J. Shubin, hereby certify that on September 6, 2024, I caused a true and correct copy of Plaintiff's Responses to Defendant's First Set of Interrogatories to be served on the following via e-mail:

Joseph J. Santarone, Esquire
Ashley L. Toth, Esquire
Marshall Dennehey
2000 Market Street, Suite 2300
Philadelphia, PA 19103
jjsantarone@MDWCG.com
altoth@MDWCG.com

/s/Andrew J. Shubin
_____
Andrew J. Shubin, Esquire

## VERIFICATION

I, John Calderaio, am an adult individual and do hereby certify that the facts set forth in the foregoing Responses to Defendant's First Set of Interrogatories are true and correct to the best of my knowledge, information, and belief. I understand that this Verification is made subject to the penalties of 18 Pa.C.S.A. § 4904 relating to unsworn falsifications to authorities.

*John Calderaio*
John Calderaio

Dated: 09/06/24